Argued June 7, affirmed as modified June 19, 1963

# McDONALD *v.* McDONALD

383 P. 2d 96

*Norman K. Winslow,* Salem, argued the cause and submitted briefs for appellant.

*Myron L. Enfield,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL and DENECKE, Justices.

McALLISTER, C. J.

This is a divorce suit in which the court granted the husband a divorce and gave the wife custody of the child of the parties. The husband appeals from that portion of the decree giving custody of the child to the wife and allowing her an attorney's fee.

The parties were married in Salem on May 11, 1956. No children were born to the marriage. The child, Katherine, whose custody is in dispute, is the natural child of the defendant and was adopted by the husband after his marriage to the defendant. The child is now about nine years of age.

Nothing would be gained by setting out in detail the evidence in this case. The record presents a very close question as to whether Katherine's welfare would best be served by placing her in the custody of her mother or her adoptive father. As the result of a former marriage the father has a natural daughter almost the same age as Katherine, and has given both girls excellent care during the two years or so he and the defendant have been separated. On the other hand, it is clear that the defendant has been a good mother and is well qualified to rear her daughter.

The trial judge, who had the advantage of seeing the parties and hearing them testify, concluded that it would be better to place Katherine in the custody of her natural mother. We can find nothing in the record to justify us in disturbing that finding. This is another case in which we are particularly dependent upon the trial judge who had the opportunity of appraising the parties as he heard them testify.

The plaintiff also complains that the court erred in allowing defendant an attorney's fee in the sum of $750, when the amount prayed for in her cross-complaint was only $600. The court erred in allowing more than the amount prayed for and the decree will be modified by reducing the attorney's fee allowed defendant in the trial court to $600. See *Smith v. DeKraay,* 217 Or 436, 449, 342 P2d 784 (1959). Defendant is allowed a fee of $350 as her attorney's fee in this court. Defendant also will be allowed her costs in this court.

The decree of the trial court as modified herein is affirmed.